JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff
MARYANN SIVONGXAY

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| MARYANN SIVONGXAY,<br><br>Plaintiff,<br>vs.<br><br>MEDCAH, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br>16-00415 DKW-KSC<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO VIOLATIONS 1 – 3 OF COUNT I OF PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION; EXHIBIT A; AND CERTIFICATE OF SERVICE.<br><br>JUDGE: Derrick K. Watson<br>TRIAL: December 4, 2017 |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO VIOLATIONS 1-3 OF COUNT I OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff  Maryann Sivongxay, through her attorney, Justin A. Brackett, hereby respectfully moves this Honorable Court as follows:

1.     That this Court enter, pursuant to Rule 56 of the Federal Rules of Civil

Procedure and LR 56.1 of the Local Rules of Practice for the U.S.

District Court for the District of Hawaii, Summary Judgment in

Plaintiff's favor for the Violations 1-3 of Count I of Plaintiff's

Amended Complaint on the grounds that there is no genuine issue as to any material fact and that Plaintiff is entitled to a Judgment on these violations as a matter of law; or, in the alternative,

2.     If Summary Judgment is not rendered in Plaintiff's favor on these violations and a trial is necessary, that this Court at the hearing on this Motion, by examining the pleadings and the evidence before it and by interrogating counsel, ascertain what material facts are actually and in good faith controverted, and to make an order specifying the facts that appear without substantial controversy and directing such further proceedings in this action as are just.

3.     That this Court certify the Judgment entered in this case as a final judgment on the basis that there is no just reason for delay.

4.     This Motion is made under Rules 56 and 54(b) of the Federal Rules of Civil Procedure, and is based on the pleadings and records of this case, and on the attached Memorandum.

5.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

This Motion is supported by the Memorandum in Support of Motion, the records and files herein, the separate Concise Statement of Facts submitted

concurrently herewith, and such other and further matters as may be presented to the

Court at the hearing on this Motion.

DATED: Honolulu, Hawaii, September 1, 2017.


\_\_\_\_/s/ Justin A. Brackett\_\_\_\_
JUSTIN A. BRACKETT
Attorney for Plaintiff

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| MARYANN SIVONGXAY,<br><br>                Plaintiff,<br><br>    vs.<br><br>MEDCAH, INC.,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.<br>  16-00415 DKW-KSC<br><br>  PLAINTIFF'S MOTION FOR<br>  PARTIAL SUMMARY<br>  JUDGEMENT –<br>  MEMORANDUM IN<br>  SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

This case involves the attempted collection of several consolidated accounts owing to a number of different creditors to which Defendant has sought the addition of pre-judgment interest in an amount not authorized by law pursuant to 15 U.S.C. §1692f(1) and the use of false, deceptive, or misleading representations or means in connection with the collection of any debt when Defendant sent collection letters attempting to collect amounts that increased, then decreased, and finally increased again despite no payments being made, which is a violation of 15 U.S.C. §1692e.

## I.  STATEMENT OF MATERIAL FACTS

1. Defendant is a "debt collector" as defined by the Act. The relevant portion of the FDCPA definition of "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

2. Plaintiff Maryann Sivongxay (hereinafter "Plaintiff" and/or "Ms. Sivongxay") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "Debtor" as that term is defined by Haw. Rev. Stat. § 443B1.

3. On or about December 22, 2015 Plaintiff received a letter that was sent by Defendant on December 21, 2015 in which Defendant demanded a balance of $1,457.64 on five accounts ($679.01 on the account ending in 3216, $102.14 on the account ending in 6698, $489.68 on the account ending in 8388, $74.13 on the account ending in 7854, and $112.68 on the account ending in 7124). Exhibit 2 to Verified Amended Complaint [Dkt. No. 28-2].  The

4. On March 27, 2016 Plaintiff pulled her Experian credit reports which showed Defendant had reported lower balances owed on the accounts as of January 6, 2016 and/or February 9, 2016 despite no payments being made.  Defendant

reported to Experian that Plaintiff owed a balance of $1,118.00 on the exact same five accounts ($475 on the account ending in 3216 as of January 8, 2016, $78 on the account ending in 6698 as of January 8, 2016, $403 on the account ending in 8388 as of January 8, 2016, and $62 on the account ending in 7854 as of  January 8, 2016, and $100 on account ending in 7124 as of February 9, 2016). Exhibit 3 to Verified Amended Complaint. [Dkt. No. 28-3].

5.  On or about June 24, 2016 Plaintiff received a letter dated June 24, 2016 in which Defendant demanded a balance of $1,532.88 on the same five accounts. ($703.20 on the account ending in 3216, $106.13 on the account ending in 6698, $510.22 on the account ending in 8388, $77.29 on the account ending in 7854, and $117.75 on the account ending in 7124). Exhibit 4 to Verified Amended Complaint [Dkt. No. 28-4].

6.  The letters sent by the defendant are all "communications" as defined by the Act.

7.  The amounts allegedly owing in the collection letters and credit reporting were a collection of various accounts from differing original creditors and consolidated by the Defendant.

8.  All of the accounts were charged interest at 10% after being placed with the Defendant for collection. Exhibits 2 & 4 to Verified Amended Complaint.

## II.     ARGUMENT AND LAW

### Summary Judgment Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The entry of summary judgment is inappropriate where there exists a genuine and material issue of facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id*. at 248, 106 S.Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.* Here the facts are not in dispute as the letters and credit report speak for themselves; and thus the only question for this court is whether the conduct of the  Defendant violated any of the alleged provisions of the FDCPA.

## Strict Liability Applies with Violations

## Which is Viewed as to The Least Sophisticated Consumer

The FDCPA is a strict liability statute and although Plaintiff has alleged violations of several provisions of the FDCPA this court only need to find that one provision was violated to enter partial summary judgment for the Plaintiff. *See*, *McCollough v. Johnson, Rodenburg & Lauinger L.L.C.,* 637 F.3d 939 (9th Cir. 2011).  The Ninth Circuit has previously held a debt collector strictly liable for seeking payment for an inflated bill. *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1176 (9th Cir. 2006) (collection agency and its lawyer are strictly liable for falsely stating amount of debt).

The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt. Defendant's actions are in violation of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e and  the attempted collection of pre-judgment interest by the Defendant in an amount not authorized by law pursuant to 15 U.S.C. §1692f(1).

To accomplish the consumer protection purpose of the FDCPA, courts apply a "least sophisticated" consumer standard to analyze the protections of the FDCPA.

*See, Swanson v. S. Oregon Credit Serv.,* 869 F.2d 1222, 1225 (*citing, Baker v. G.C. Services Corp.,* 677 F.2d 775, 778 (9th Cir. 1982). The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* at 1227. Proof of actual deception of the consumer (Plaintiff) is neither required nor relevant to the determination of a collector's (Defendant) liability as the least sophisticated consumer standard is objective, not subjective. *See e.g. Avila v. Rubin*, 84 F.3d  222, 227 (7th Cir. 1996)

### 15 U.S.C. §1692e & 15 U.S.C. §1692e(2) (the use of any false, deceptive, or misleading representations to collect a debt)

Defendant is a "debt collector" as defined by the Act. The relevant portion of the FDCPA definition of "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). See Exhibit A, pg. 27 ln 6-8, attached hereto as Exhibit A**.** The collection letters and the reporting to the CRA clearly fit within the definition of a "communication" covered by the FDCPA. "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium" 15 U.S.C. §1692a(2).

15 U.S.C. §1692e states that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of

any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (2) the false representation of—(A) the character, amount, or legal status of any debt; and, (8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Defendant used false, deceptive, and/or misleading representations where it demanded amounts in collection letters that differed from the amount reported to the CRA. *See* Exhibits 2-4 to Verified Amended Complaint. Put bluntly, either the collection letters or the credit report contained false amounts of the debts Plaintiff allegedly owed.

Defendant's corporate representative (and owner) Genevieve Freeman testified in her deposition that that they always report the accurate amount to Experian. Freeman testified:

> Q Does MEDCAH report to any credit bureaus?
> A Yes.
> Q Which credit bureau does MEDCAH report to?
> A Experian.
> Q Are there any others?
> A No.
> Q Does MEDCAH report accurate amounts to Experian?
> MR. MINKIN: Objection. Vague and ambiguous.
> BY MR. BRACKETT:
> Q You can go ahead and answer.
> A Yes.

> Q Does MEDCAH report the current amount due
> for each account to Experian?
> A Yes.

See Exhibit A pg. 27 ln. 12- pg 28 ln 3.

　　Thus at least one, if not all, of the amounts allegedly owed by the Plaintiff

and attempted to be collected by the Defendant must be false, deceptive, and/or

misleading as the balances in the letters do not correspond with the amounts reported

to the CRA despite testimony that the Defendant reports accurate and current

balances.

　　Collection letters are clearly on their face a communication and an attempt to

collect a debt; reporting to the CRA is as well. Reporting a debt to a CRA is "a

powerful tool designed, in part, to wrench compliance with payment terms." *Rivera*

*v. Bank One*, 145 F.R.F. 614 (D. P.R. 1993). "The act of a debt collector reporting

the status of a consumer debt to a credit reporting agency is an activity that would

certainly appear to meet the statute's requirement that the false, deceptive, or

misleading representation of means be 'in connection with' the collection of a debt"

*Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F. Supp. 2d 503 n.4 (D. Md. 2004),

*quoted by Frierson v. States Recovery Sys*., 2017 U.S. Dist. LEXIS 90841 (E.D. Ca.

June 13, 2017). Thus a finding that the letters are accurate but the reporting to the

CRA was not (or vice-versa), would entitle Plaintiff to Summary Judgment on her

motion.

Section 1692e(2)(A) explicitly prohibits a debt collector from falsely stating the amount of the debt. This is true whether the debt collector knew the amount was wrong or not. In *Clark,* 460 F.3d 1162, the Ninth Circuit held that collection agencies and their lawyers are strictly liable for misstating the amount of the debt under section 1692e(2)(A) without regard to their knowledge of the mistake. *See also, Heejoon Chung v. U.S. Bank, N.A.,* 2017 U.S. Dist. LEXIS 58687 at *42. In the instant case, the collector attempted to collect entirely different amounts with the balance increasing to $1,457.64 with interest accruing (collection letter) [Dkt. No. 28-2]  then decreasing to $1,118.00 [Dkt. No. 28-3] with no interest sought and without any payments being made (credit reporting) then again increasing to $1,532.88 (collection letter) [Dkt. No. 28-2]. Thus even if Defendant's addition of interest to the account was lawful and not a violation of §1692f(1) (discussed *infra)* the inaccurate amounts in the letters and/or reported to the CRA are a violation of 15 U.S.C. §1692e(2)(a) and/or 1692e(8).

## 15 U.S.C. §1692f(1) (addition of pre-judgment interest in an amount not authorized by law)

15 U.S.C. §1692f(1) states that:  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or

expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

As discussed above, the attempt to collect and communicating ever changing balances are a violation of 15 U.S.C. §1692e, and this addition of a blanket interest rate to all accounts is a violation of 15 U.S.C. §1692f(1). Defendant has a policy of charging 10% interest on all accounts. Defendant, after obtaining the debt from the original creditor, charged ten percent interest on all of Plaintiffs accounts.

In its Motion for Summary Judgment Defendant admits that, at least in one case, the underlying agreement[s] "state an interest rate greater than 10% per annum." [Dkt. No. 44, p. 7].  Defendant's corporate representative admits: "The underlying agreements documenting Plaintiff's debts either do not state a fixed interest rate or state an interest rate greater than 10% per annum." [Dkt. No. 45-1, p. 2].  She goes on to explain:  "The terms and conditions [of Cardiology Associates, Inc. have] a late monthly fee of 1.5%...charged to all accounts past 60 days." *Id.*  This equates to an interest rate of 18% per annum, not 10%.  Thus it is blatantly obvious that Defendant does not comply with the underlying contracts it collects upon.

Defendant doesn't comply with the statute it claims to be relying, albeit wrongfully, upon.  Haw. Rev. Stat. §478-2 provides that:

> When there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of ten per cent a year, except that, with respect to obligations of the State, interest shall be allowed at the prime rate for

each calendar quarter but in no event shall exceed ten per cent a year, as follows:

(1) For money due on any bond, bill, promissory note, or other instrument of writing, or for money lent, after it becomes due;

(2) For money due on the settlement of accounts, from the day on which the balance is ascertained;

(3) For money received to the use of another, from the date of a demand made; and

(4) For money upon an open account, after sixty days from the date of the last item or transaction.

Defendant's reliance on this statute is misplaced for numerous reasons. First, Plaintiff's debts do not fit in to any of the enumerated subsections of Haw. Rev. Stat. §478-2.

Second, Defendant has no contractual relationship with the Plaintiff, nor is the alleged debt owed to Defendant, but it is simply collecting on behalf on the original creditor.

Third, at least a portion of Plaintiff's debts did have an express written contract fixing a different rate of interest. Freeman testified:

Q Did any of Ms. Sivongxay's creditors charge interest on these accounts before they transferred them to MEDCAH?
A Yes.
Q And which creditors in particular?
A Credit -- Cardiology Associates.
Q Okay. Any others?
A No.
See Exhibit A, pg 158 ln 20 -159 ln 3.

Fourth, Defendant does not remit the interest it collects to the original creditor.

Freeman testified that:

> Q When MEDCAH receives a payment that includes interest, what does MEDCAH do with the interest portion of the payment?
> MR. MINKIN: Objection. Lacks foundation. Incomplete hypothetical. If you can answer.
> THE WITNESS: Can you clarify for me?
> BY MR. BRACKETT:
> Q Yeah. If Ms. Sivongxay were to pay you a payment directly to MEDCAH --
> A Right.
> Q -- and MEDCAH had included interest in the account balance --
> A Which she did.
> Q -- then what does MEDCAH do with that interest that's been received from the consumer?
> A Keeps it. We post the payment to the debtor's account --
> Q Okay.
> A -- and we remit the appropriate amount to our client, and we keep the interest and our
> commission fee.
> Q Does MEDCAH retain all the interest?
> A Yes.

See Exhibit A, Depo pg 79 ln 4 – pg 80 ln 2.

Fifth, if the debtor pays the original creditor the original balance the Defendant

writes off the interest it is allegedly owed. Freeman testified:

> Q And if it's like Ms. Sivongxay's situation where they pay the original creditor, the full amount that they were seeking, what does MEDCAH then do with the interest?
> A Writes it off.
> Q It does not continue to try to collect that interest?
> A That's correct.
> Q Does the original creditor request that that interest be written off?
> A No.
> Q Is it part of the contract?
> A No.
> Q So it's not part of the contract between the client and MEDCAH?

A No.
See Exhibit A Depo pg 78 ln 1-16

The rights of assignees are generally subject to all the terms of an agreement between the debtor and the assignor unless explicitly limited in the agreement. *See* U.C.C. § 9-404 ("the rights of an assignee are subject to all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract"). Here, without proof that the original creditor contracted to add interest to the account it does not have the right to add interest to the account, especially when it is not for the benefit of the original creditor.

Clearly this is not actually interest but an unlawful collection fee Defendant has tacked on to all of Plaintiff's accounts, which it is disguising as interest in violation of 15 U.S.C. §1692f(1).  Numerous courts have held that the addition of noncontractual collection charges are a violation of §1692f(1). *See eg, Aldaya v. Encore Capital Grp., Inc.,* 2017 U.S. Dist. LEXIS *39860* (D. Haw. Mar. 20, 2017), *Acik v. I.C. Sys. Inc.,* 640 F. Supp 2d 1019 (N.D. Ill. 2009); *Richard v. Oak Tree Group Inc.,* 614 F. Supp2d 814 (W.D. Mich 2008).

Furthermore, Defendant is not entitled to claim this alleged interest as pre-judgment interest. Haw. Rev. Stat. §636-16, which governs an award of prejudgment interest, states that prejudgment interest is **awarded at the court's discretion**

**(emphasis added).** Defendant has not sought any court action regarding these accounts and thus, had no right to add pre-judgment interest to Plaintiff's alleged debt. "When interpreting state law, we are bound to follow the decisions of the state's highest court…" *Paulson v. City of San Diego,* 294 F. 3d 1124, 1128 (9th Cir. 2002)(en banc).  Hawaii's Supreme Court has ruled on the issue of prejudgment interest many times, asserting such things as: "The award of pre-judgment interest is solely within the discretion of the trial court." *Azer v. Myers*, 8 Haw. App. 86, 120 *(citations omitted), aff'd in part, rev'd on other grounds*, 71 Haw. 506, (1990).  Defendant has not obtained or sought a judgment against Plaintiff; and therefore, is not entitled to any statutory interest under Hawaii law.

## III. CONCLUSION

As explained in detail above, with respect to 15 U.S.C. §1692e & §1692f(1), there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law on these violations.


Respectfully submitted this the 1st day of September, 2017.

/s/ Justin A. Brackett
Justin A. Brackett, #9954
Attorney for Plaintiff
515 Ward Avenue
Honolulu, HI 96814
(808) 377-6778
justinbrackettlaw@gmail.com