JUSTIN A. BRACKETT, ESQ. (#9954)
515 Ward Avenue
Honolulu, HI  96814
(808) 377-6778
justinbrackettlaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| **MARYANN SIVONGXAY** | ) | CASE NO. 16-00415 DKW-KSC |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S RESPONSE IN |
| v. | ) | OPPOSITION TO DEFENDANT |
| | ) | MEDCAH, INC.'S MOTION |
| | ) | FOR PROTECTIVE ORDER |
| | ) | DECLARATION OF |
| **MEDCAH, INC.,** | ) | JUSTIN A. BRACKETT; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | Jury Trial: December 4, 2017 |
| | ) | Judge: Hon. Derrick K. Watson |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MEDCAH, INC.'S MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

After Plaintiff filed a Motion to Compel Discovery Responses on July 31, 2017 and served a written notice upon Defendant on August 4, 2017, Defendant filed this motion for a protective order, asking the court to protect its confidentiality designations pursuant to Paragraph 7(c) of the Stipulated Protective Order [Dkt. No. 20].

Medcah, Inc. (hereinafter "Medcah" or "Defendant") is a debt collection agency that must present evidence that it has the authority to add interest to Plaintiff 's accounts; that it has the legal right to call Plaintiff after she retained an attorney, filed suit, and served the Complaint upon Defendant; and what evidence it has in support of these contentions. Because Medcah's Motion is without substantial justification, is untimely, and is brought solely to delay discovery in this matter, Plaintiff requests the Court deny Medcah's Motion for Protective Order. Public policy mandates the free exchange of information to prepare for trial.

The true purpose of Defendant's motion is to prevent defense counsel from being permitted to use its responsive documents and information in this case. However, litigation advantage is not a proper justification for the filing of a protective order. This motion should, therefore, be denied.

## LAW AND ARGUMENT

### I.   A STIPULATED PROTECTIVE ORDER HAS ALREADY BEEN GRANTED.

In April 10, 2017, a Stipulated Protective Order ("SPO") was filed with the Court. This order allows for the designation of "Confidential" information in which "a producing Party believes, in good faith, contains information which is entitled to protection…" (Par. 1(b)) [Dkt. No. 20]. Plaintiff does not deny Medcah its right to designate certain information as confidential; however,

Defendant must follow what the Court has already ordered and put in place to protect its privileged information.

The SPO explicitly states in Par. 7(c) "If the Parties cannot resolve a challenge through a meet and confer, the **designating Party shall file and serve a motion to retain confidentiality** within twenty-one (21) days of the challenging Party's written notice." **(emphasis added)**. The parties conducted a telephonic meet and confer on August 17, 2017 about Defendant's confidentiality designations because Defendant designated every page produced as being confidential and redacted large swaths of information from Plaintiff's view.  Instead of filing a motion to retain confidentiality, Defendant has filed this Motion for a Protective Order "protecting its confidentiality designations." Therefore, Defendant has failed to comply with the SPO it helped draft as the SPO asserts:  "The **designating Party's failure to make such a motion**, including the required declaration, within twenty-one (21) days **shall automatically waive the confidentiality designation for each challenged designation (emphasis added).** Plaintiff respectfully asks the court to uphold the existing Order.

## II.   PLAINTIFF FILED A MOTION TO ENFORCE THE SPO ON AUGUST 30, 2017

Plaintiff's Motion to Enforce SPO asks Defendant to comply with the SPO it helped draft. Medcah initially marked every single page it produced as confidential

and continuously refuses to produce many documents in their native, unredacted form.  Medcah has provided Plaintiff with documents in which Plaintiff cannot determine its information due to the large, black boxes in many of its pages. Defendant knows the information contained in these redacted documents, but Plaintiff don't and won't have the ability to review them at all because Defendant refuses to produce them in their native form.

As the SPO ¶7b states, "The burden of persuasion on any such motion shall be on the designating party." Defendant broadly claims that their remaining confidential designation is to protect its propriety information and non-party confidential information. The burden of proof to show "good cause" that justice requires the court's protection is on the Defendant.

A court considering a motion for a continuation of the protective order must proceed in two steps. First, it must determine whether particularized harm will result from disclosure of information to the public. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Fed. R. Civ. P. 26(c) test. Rather, the person seeking protection from disclosure must allege specific prejudice or harm. Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary. Courts doing this balancing consider the following factors: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order

of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d

417, 424 (9th Cir., 2011). Defendant's motion does not overcome the strong

presumption of the right of the public to know what is done in courts and how debt

collection agencies may illegally add interest or fees to accounts.

**III.   PLAINTIFF RECOGNIZES DOCUMENTS MAY CONTAIN CONFIDENTIAL INFORMATION; HOWEVER, WOULD LIKE TO HAVE THE CHANCE TO REVIEW DOCUMENTS AND DETERMINE ITS CONFIDENTIALITY AS THE SPO REQUIRES**

Defendant's ill-timed Motion for a Protective Order asserts that the

remaining designations they have not withdrawn are subjected to protection

because "(1) they implicate Plaintiff's privacy rights (e.g., Plaintiff's signed

agreements with original creditors; (2) they contain MEDCAH's most important

propriety information, which distinguishes it from its competitors and defines its

business model and collection practices (e.g. MEDCAH's account notes,

collector's manuals, and client agreements); and (3) they contain confidential or

propriety information of non-parties, including MEDCAH's creditor clients." [Dkt.

No. 36, p. 14].  Defendant's continuous claim that it is protecting its propriety

information does not establish a mandatory duty of a trial court to prevent

disclosure in a civil dispute.

A court considering a motion for a continuation of the protective order must

proceed in two steps. First, it must determine whether "particularized harm will result from disclosure of information to the public." *Id*. at 1211. As we have explained, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)) (internal quotation marks omitted). Rather, the person seeking protection from disclosure must "allege specific prejudice or harm." *See id*.

Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance "the public and private interests to decide whether [maintaining] a protective order is necessary." *Phillips*, 307 F.3d at 1211. We have directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). *See Phillips*, 307 F.3d at 1211.

Medcah broadly maintains in its Motion that MEDCAH's designations concern (1) proprietary business information; (2) private information of Plaintiff MARYANN SIVONGXAY ("Plaintiff"); and (3) confidential information of non-parties. Defendant's statements are unsubstantiated by specific examples or articulated reasoning, and thus do not satisfy the Rule 26(c) test.

The mere presence of claimed proprietary information does not carry a mandatory confidentiality requirement. Such a requirement is imposed only in situations where such allegations are specifically substantiated, which is not the case here.

However, as mentioned above, a protective order, specifically the Stipulated Protective Order [Dkt. No. 20] is already in existence and asserts the law in which Defendant failed to comply with; thus, Defendant's Motion for Protective Order is invalid and does not comply with the existing SPO.

## CONCLUSION

Based on the facts, Plaintiff respectfully requests that this Court deny Defendant's motion for a protective order for not complying with the existing Stipulated Protective Order, and for trying to limit Plaintiff from reviewing documents related to the case in its veiled attempt to restrict Plaintiff's counsel from preparing for trial.

Respectfully submitted this the 1st day of September, 2017.

/s/ Justin A. Brackett
   Justin A. Brackett, #9954
   Attorney for Plaintiff
   515 Ward Avenue
   Honolulu, HI 96814
   (808) 377-6778
   justinbrackettlaw@gmail.com