Justin A. Brackett, Esq.
515 Ward Avenue
Honolulu, HI  96814
Telephone: 808-377-6778
justinbrackettlaw@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARYANN SIVONGXAY, | ) CASE NO. 1:16-CV-415 DKW-KSC |
| Plaintiff, | ) |
| vs. | ) REPLY TO DEFENDANT'S |
| | ) OPPOSITION TO THE MOTION TO |
| MEDCAH, INC., | ) COMPEL [Dkt. No. 40] |
| Defendant. | ) |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION TO COMPEL

As acknowledged and outlined in its Response [Dkt. No. 40], Defendant has continuously delayed production of documents and information in this matter. For almost a year now it has repetitively asserted it would "be supplementing [its] response(s) as needed and if necessary." *Id.* at p. 5. Now, the discovery deadline of October 2, 2017 is quickly approaching and Plaintiff was left with no choice but to file this Motion.

In its initial discovery responses, Defendant produced no responsive documents, but objected to every single request to produce and repeatedly asserted:

> MEDCAH will produce responsive and non-privileged or otherwise unprotected documents responsive to said requests within the scope of this litigation in its possession, custody, or control, if any, subject to the entry of a mutually agreeable stipulated protective order."

See attached Exhibit A.

As one can easily see from a reading of the Federal Rule of Civil Procedure 26, it provides:

> [p]arties may obtain discovery regarding any **non-privileged** matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Instead of producing responsive documents, Defendant decided to ignore Rule 26 and instead forced Plaintiff to enter into a stipulated protective order (hereinafter "SPO") before it would produce any "non-privileged" or "unprotected" documents. It produced no responsive documents whatsoever until April 13, 2017, over six months after it was served discovery requests, when it produced only 65 pages of documents. On April 11th, April 13th, April 28th, and May 2nd, Defendant was again asked to turn over all responsive documents to which Defendant's attorney Jordan Inafuku asserted on May 3rd: "We were able to obtain, review, and produce all responsive documents in Medcah's possession and we produced them **all** on April 13, 2017. See Dkt. No. 42-1, p. 18. This was one of many lies by Defense counsel since Defendant has subsequently turned over an

2

additional 254 pages of documents, all of which were designated as "CONFIDENTIAL". Defendant's conduct continues to require exhaustive measures by Plaintiff's counsel to obtain responsive documents and/or have them redesignated.

For all its self-serving and entirely misleading characterizations of the discovery disputes and the efforts to resolve them short of court intervention, Defendant's Opposition to the Motion to Compel seeks to hide the indisputable fact that to date, Defendant <u>still</u> has not complied with its discovery obligations under the Federal Rules. As of September 5, 2017, almost a full eleven months after discovery was served on October 6, 2017, Defendant has still not answered either the interrogatory or the document request relating to insurance (Interrogatory Number 16 and Document Request Number 10) or collectors' names (Interrogatory Number 14). Furthermore, Defendant finally produced information responsive to Interrogatory Number 9 on August 23, 2017, over three weeks after this Motion was filed.

Defendant continues to stonewall on other discovery requests, and to provide heavily redacted responses. And, with regard to at least some of the requests at issue, Defendant finally produced documents responsive to the discovery on Wednesday August 23, 2017, weeks after this Motion was filed. This was due in part to the continuing good faith negotiation by the Plaintiff over an agreed upon Protective Order. However, the Protective Order was agreed upon by the parties and entered by the Court on April 10, 2017, but it still took Defendants until April

3

13, 2017 to produce their initial 65 pages of documents, until July 28, 2017 to produce an additional 201 pages of responsive documents, and until August 23, 2017 to supplement their responses with an additional 53 pages of contracts and information, all of which occurred after many additional requests by Plaintiff's Counsel.

   Upon a review of the documents produced, the Defendants still continue to play games with discovery, failing to even produce any insurance information, any collectors' names who participated in collecting the accounts at issue, some of the original contracts for the accounts in question, or any unredacted collection notes. In fact, as a result of Defendant's continuing discovery abuses regarding this latest document production, these parties will likely be right back in front of this Court in the not-too-distant future, arguing about whether or not Defendant's supplemental document production (a production that was made over three weeks after this Motion) is sufficient to satisfy Defendant's obligations.

   Plaintiff's Motion to Compel was filed only out of necessity, because Defendant would not, and still will not, comply with the Federal Rules. Defendant's suggestion that Plaintiff should be sanctioned for the filing of this motion is preposterous, when the indisputable fact is that it is Defendant who continues to engage in obstreperous behavior regarding discovery.

   Plaintiff will discuss each of the unanswered discovery requests below.

## A. Interrogatory Number 9

Defendant's supplemental Response to Interrogatory 9 was served on August 23, 2017, over three weeks after this motion was filed (as opposed to voluntarily supplementing <u>prior</u> to forcing Plaintiff to resort to the filing of this Motion). Interrogatory Number 9 simply asked Defendant to prove its ability to charge the interest it was demanding from Plaintiff by providing the process, events, and circumstances under which each debt ... was referred, placed, or otherwise assigned to Defendant for collection, identifying all documents relevant to, related to, or reflecting such referral, placement, or assignment. In its Response, Defendant asserts that it provided confirmation of each assignment on July 28, 2017. [Dkt. No. 40, p. 7-8]. Providing only Medcah created spreadsheets, and not the contracts between the original creditors and Medcah (which they had in their possession, but refused to produce until August 23, 2017) does nothing to prove the original creditors actually assigned the accounts to Defendant or what terms governed their assignment. On August 23, 2017 Defendant finally produced the contracts between the original creditors and itself. [See Dkt. No. 36], likely due to the filing of this Motion and Plaintiff's requests at the August 2, 2017 deposition of Defendant's Rule 30(b)(6) representative.

## B. Document Request Number 11.

Vaguely asserting that Defendant "has made various attempts to collect on Plaintiff's debts…" as Defendant clings to in its discovery responses and Response to this Motion [Dkt. No. 40, p. 9] provides no substantive information.

5

Defendant's supplemental Response to Request Number 11 was served on July 28, 2017, just before this motion was filed, but again was heavily redacted, necessitating Plaintiff's filing of a Motion to Comply with the SPO on August 30, 2017 [Dkt. No. 42].

In its April 13, 2017 production, Defendant produced its litigation-made account notes only, which was substantially lacking in information when compared with the actual account notes and were subsequently recalled by Defendant as "work-product" on August 17, 2017. Thus the only account notes produced by Defendant are those produced on July 28, 2017, which are heavily redacted and thus not in compliance with Fed. R. Civ. P. 34, which requires a party to produce it in a form in which it is ordinarily maintained or in a reasonably usable form.

Plaintiff was unable to ask Defendant's representative about much of the information in these notes at the August 2, 2017 deposition due to Defendant's repetitive assertion of attorney-client privilege. See attached Declaration of Justin A. Brackett. Such conduct is exceptionally dilatory and does not comply with the standing order of this Court, the SPO which was entered on April 10, 2017, as described in Plaintiff's Motion for Sanctions and to Comply with the SPO [Dkt. No. 42].

## C. Interrogatory Number 14

Defendant argues it does not have to identify its employees' names, citing to only one case (*Kleczy v. First Fed. Credit Control, Inc.*, 486 N.E.2d 204, 206 (Ohio App. 1984)) for the proposition that a debt collector's use of an alias did not

violate the FDCPA. For starters, *Kleczy* is not in any way related to Defendant's dilatory discovery conduct as it relates to a debt collector calling a consumer and using an alias, which conduct is not alleged in the original or amended complaint. Secondly, *Kleczy* is not binding authority but the SPO [Dkt. No. 20] entered on April 10, 2017 in this matter is.

The SPO in this matter specifically asserts:

> Confidential Documents and/or Confidential Information **shall be shown to** and or discussed only with:
>
> i. **The attorneys for the Parties** and personnel employed by said attorneys who are participating for trial and other proceedings;
> ii. **The Parties**, and their officers, directors, employees, representatives, and agents who are participating in the Lawsuit or to whom disclosure is necessary in connection with the Lawsuit, provided that each such person shall be required to sign a Certification in which they agree to the terms of this Order before being shown or given any Confidential Information. A copy of the Certification is attached hereto as Exhibit "A"….

*See* Dkt. No. 20, Section 4(a)(i), (emphasis added). Instead of complying with the SPO, Defendant continues to delay these proceedings by making frivolous arguments that it should not have to comply with the SPO, which it assisted in drafting and filed with this Court.

Furthermore, Plaintiff has always alleged Defendant's representatives sent her illegal collection letters and alleges in her Amended Complaint that Defendant called her numerous times after it knew she was represented by an attorney. *See* Dkt. No. 28, p. 20. Thus, this information is very relevant to Plaintiff's claim and should be produced so the representative(s) who mailed letters to Plaintiff or called

7

her telephone can be identified and deposed prior to the October 2, 2017 discovery deadline in this matter.

Defendant shirks its obligations under the Federal Rules and defiantly asserts it will not provide this information [see Dkt. No. 40, p. 2-3] "unless ordered to do so by the Court. *Id.* at p. 11. Plaintiff has repetitively pointed to the SPO in its efforts to avoid Court intervention and explained to Defendant that this Court has ordered the disclosure of this information on April 10, 2017 when it entered the SPO, which is entitled to a plain language reading. "A protective order should be read in a reasonable and common sense manner…." *On Command Video Corp. v. Lodgenet Entm't Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997)

**Document Request Number 10 and Interrogatory Number 16.**

These two discovery requests relate to the Defendants' insurance coverage. This is one of the most basic discovery requests. So much so that it is explicitly provided for in Rule 26. Regarding the production of insurance policies, this Court has previously opined:

> Defendant has requested reinsurance policies, but Plaintiffs refuse to produce such documents on relevance grounds. **Reinsurance policies are discoverable pursuant to Rule 26(a)(1)(A)(iv), and no showing of relevance is required**. … Plaintiffs are directed to produce reinsurance policies responsive to Defendant's first request for production of documents no. 2(m).

*Ill. Nat'l Ins. Co. v. Nordic Pcl Constr., Inc.,* 2013 U.S. Dist. LEXIS 196046, p. 10-11 (D. Haw. Oct. 31, 2013) (emphasis added).

In *Illinois National Insurance Co.*, this Court cited to *Suffolk Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, 270 F.R.D. 141 (E.D.N.Y., October 19, 2010) which found:

> The Advisory Committee's Notes to the 1970 Amendments to Rule 26 at "subdivision (b)(2)" specifically state that the amendment resolves the issue "in favor of disclosure." Fed. R. Civ. P. 26 1970 advisory committee's note "subdivision (b)(2)" (predecessor to the current provision 26(a)(1)(A)(iv)). According to the Advisory Committee, "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." *Id.* "**Disclosure is required when the insurer 'may be liable' on part or all of the judgment**." *Id.*

*See Suffolk Fed. Credit Union* at

Defendant cites to no authority to the contrary as Rule 26 is very clear. Despite the best efforts of Plaintiff to obtain this most basic discoverable information, information which is explicitly required to be produced pursuant to Fed. R. Civ. P. 26(a)(1)(a)(iv) and Rule 34, Defendant still refuses to provide its insurance information to Plaintiff [see Dkt. No. 40, p. 2], and there is no stipulation in place that would obviate Defendants' obligations under the Federal Rules to make proper response to these valid discovery requests. Fed. R. Civ. P. 34(b)(2)(E) provides:

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms….

Instead, Defendant flat out refuses to prove its insurance information absent a court order [Dkt. No. 40, p. 2].

**Points E & F.**

The legal issue here is the broad scope of discovery, which under *Holliday v. Essex*, 447 F. Supp.2d 1131 (D. Haw. 2006), should be allowed unless the information sought has no conceivable bearing on the case. *Holliday*, 447 F. Supp. 2d at 1140. Plaintiff has shown, both in the Motion to Compel and here, that the information sought in this interrogatory has a conceivable bearing on this case. It goes directly to the claims asserted and the Court should grant the Motion to Compel as to Plaintiff's discovery requests.

There is nothing premature about Plaintiff's Motion to Compel. There is no question that Plaintiff did everything it could to resolve this discovery dispute short of court intervention. And yet the dispute remains, because the Defendant refuses to comply with Rule 26. It is now for this Court to decide the issue, which is a very simple one at this point -- do Defendants need to identify their insurer which they admit may provide coverage in this matter? The answer to this can only be yes, and the Court should grant Plaintiff's motion.

Defendant cites no authority condoning its conduct. Furthermore, it has not provided its responses in a usable form, but instead has heavily redacted the

10

documents it has produced.  It marked every page as CONFIDENTIAL, forcing Plaintiff to file this Motion, a Motion to Enforce the Stipulated Protective Order [Dkt. No. 42], and a Response to Defendant's Motion for Protective Order [Dkt. No. 48].  Defendant initially marked each and every page produced as CONFIDENTIAL in direct violation of Section 2 of the SPO it assisted in drafting.  It now admits in its August 25, 2017 Motion for Protective Order [Dkt. No. 36] that many of its designations were incorrect.  It did not remove any confidentiality designations until on or about August 24, 2017, weeks after this Motion was filed.

As such, it is entirely inappropriate of Medcah to refuse to respond to valid discovery on its bare assertion that the information requested is private information.  Until such time as this issue is decided by the Court, the broad scope of discovery under the Federal Rules applies, and these discovery requests must be answered.

## CONCLUSION

For all the foregoing reasons, the Plaintiff respectfully request that the Court grant the Motion to Compel, and order Defendant to respond to the requested discovery forthwith.  Plaintiff also respectfully requests a telephonic discovery conference with the Magistrate Judge assigned to this case, in order to pre-emptively resolve the additional brewing discovery fights without motions practice.

Respectfully submitted,

**Dated:  September 5, 2017**           **JUSTIN A. BRACKETT**

11

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date first stated below, or in compliance with the rules of this Court, I did serve a true and exact copy of the **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO COMPEL** via operation of this Court's electronic filing system, upon the following:

David J. Minkin minkin@m4law.com
Page C. Ogata ogata@m4law.com
Jessica M. Wan jwan@m4law.com
Jordan K. Inafuku jinafuku@m4law.com
Attorneys for Defendants

DATED:   Honolulu, Hawaii
         January 13, 2017

> */s/ David K. Lietz*
> David K. Lietz